# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

REINALDO GONZALEZ PEREZ,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; ACTING
DIRECTOR of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Otero County Processing Center,

      Respondents.

Case No. 2:26-cv-01588-MIS-KRS

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Reinaldo Gonzalez Perez's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 18, 2026. Respondents Todd Blanche,

Markwayne Mullin, Acting Director, U.S. Immigration and Customs Enforcement, and Mary De

Anda-Ybarra ("Federal Respondents"),[1] filed a Motion to Dismiss ("Motion") on June 2, 2026,

ECF No. 6.

Respondents seek dismissal for failure to state a claim. Id. at 2. Respondents argue that

Petitioner is being permissibly held under mandatory detention because, while Petitioner has been

---

[1]    Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

in custody for more than six months while under a final order of removal, he is responsible for the delay in his removal. Id. at 4-5.

Petitioner is a Cuban citizen, Mot. at 2, ECF No. 6, who entered the United States in 1980 when he was twenty-three. Pet. at 6, ECF No. 1. He was issued a final order of removal on April 28, 1981. Mot. at 2, ECF No. 6. Forty-five years after the final order of removal was issued, on October 31, 2025, Respondents took Petitioner into custody. Id. On May 18, 2026, Petitioner filed the instant Petition. ECF No. 1. Respondents arranged to deport Petitioner to a third country, Mexico, on May 25, 2026. See id. Petitioner failed to board the bus transporting him to Mexico. Id.

"After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. But

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

§ 1231(a)(1)(C).

In a previous case, Lin v. Warden, the Court found the petitioner "remains in the mandatory detention period since he has refused to make a 'timely application in good faith for travel or other documents necessary to his departure.'" No. 2:26-CV-01274-MIS-JFR, 2026 WL 1328415, at *1 (D.N.M. May 13, 2026) (citing § 1231(a)(1)(C)). The circumstances here are similar.

Here, Petitioner was held in custody for over six months while under a final order of removal, Mot. at 2, ECF No. 6, but there was a significant likelihood of removal in the reasonably foreseeable future because Respondents scheduled Petitioner for departure on May 25, 2026, id., only a week after he filed the instant Petition, ECF No. 1. That Petitioner did not depart on May 25, 2026, is due to his refusal to board the bus to Mexico. Mot., Ex. A at 3, ECF No. 6-1. The Court finds that Petitioner remains in the mandatory detention period since he has "act[ed] to prevent [his] removal subject to an order of removal," § 1231(a)(1)(C), and there is a significant likelihood of removal in the reasonably foreseeable future.

As he must remain in mandatory detention, there is no basis for release from custody, and his Petition is denied. Petitioner may file another petition in the future if his status has changed.

Accordingly, it is **HEREBY ORDERED** that Petitioner Reinaldo Gonzalez Perez's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3